Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurridos<br><br>v.<br><br>ROBERTO MORALES RIVERA<br><br>Peticionario | KLCE202400409 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso número: NSCR200900152 AL 54<br><br>Sobre: ARTÍCULO 1.06 2DO GRADO, ARTÍCULO 5.04 L.A, ARTÍCULO 5.15 L.A |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 24 de abril de 2024.

Comparece ante *nos*, Roberto Morales Rivera (peticionario), quien se encuentra confinado en la Institución Bayamón 1072 Sección 4B 205 y recurre por derecho propio. En su recurso, la parte peticionaria nos solicita que revisemos la *Orden* emitida el 27 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo. Mediante dicho dictamen, el TPI declaró *No Ha Lugar* la solicitud del peticionario para que se enmiende la *Sentencia* que actualmente se encuentra extinguiendo y se le otorgue la concurrencia para poder ser elegible a la Junta de Libertad bajo Palabra.

Sin necesidad de trámite ulterior y por los fundamentos que expondremos a continuación, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Número Identificador

RES2024 _____

**I.**

Con fecha del 26 de febrero de 2024, el peticionario presentó ante el TPI una *Moción sobre Solicitud de Enmienda a Sentencia.*[1] El 27 de febrero de 2024, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la *Moción sobre Solicitud de Enmienda a Sentencia.*[2] El 5 de abril de 2024, recibimos en la Secretaría de este Tribunal una *Moción sobre Apelación* con fecha del 15 de marzo de 2024.

En su recurso, el peticionario detalló que fue sentenciado a veinticinco (25) años de prisión, entiéndase, quince (15) años por el Artículo 106 del Código Penal consecutivos con cinco (5) años por el Artículo 5.04 y cinco (5) años por el Artículo 5.15 de la Ley de Armas. Así pues, solicitó que se enmiende dicha *Sentencia* con el propósito de que se le otorgue la concurrencia para poder ser elegible a la Junta de Libertad bajo Palabra.

**II.**

**A. La jurisdicción**

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *RB Power, Inc. v. Junta de Subastas de la ASG PR,* 2024 TSPR 24, 213 DPR ___ (2024). Véase, además, *Pueblo v. Torres Medina,* 211 DPR 950 (2023); *Cobra Acquisitions, LLC. v. Mun. de Yabucoa,* 210 DPR 384 (2022). Así, para adjudicar un caso el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. *Cobra Acquisitions, LLC. v. Mun. de Yabucoa, supra,* pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto

---

[1] Dicha *Moción sobre Solicitud de Enmienda a Sentencia* no se presentó como anejo junto al recurso de *certiorari.*

[2] La *Orden* emitida por el TPI el 27 de febrero de 2024, tampoco se presentó como anejo junto al recurso de *certiorari.*

jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR, supra*; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción "trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *MCS Advantage, Inc. v. Fossas Blanco y otros*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 909 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003); *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage, Inc. v. Fossas Blanco y otros, supra*; *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G.*

*Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 683 (2011); *Vázquez v. A.R.P.E.,* 128 DPR 513, 537 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene jurisdicción para así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 264 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854, 859-860 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et al. v. R.F. Mortgage and Investment Corp.,* 182 DPR 86, 97 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco, supra,* pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

### B. Perfeccionamiento del recurso de *certiorari*

El perfeccionamiento del recurso de revisión está regulado en la Parte IV del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone que:

Contenido del recurso de revisión

[...]

(C) Cuerpo

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número de caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[...]

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a)  Las alegaciones de las partes, a saber:

  i.    en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
  ii.   en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

 (2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de certiorari, en moción o motu proprio a la parte peticionaria, la presentación de los documentos del Apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de certiorari, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365, 366 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error señalado. Así pues, nuestro máximo Foro reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que

le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". Íd.

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo,* Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. Íd. No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. Íd.

**C. Incumplimiento con el Reglamento del Tribunal de Apelaciones**

La Regla 83 (C), 4 LPRA Ap. XXII-B, del Reglamento del Tribunal de Apelaciones dispone que ese foro podrá *motu proprio,* en cualquier momento, desestimar un recurso porque: (1) no tiene jurisdicción; (2) se presentó fuera del término establecido en ley y sin justa causa; (3) no se presentó con diligencia o buena fe; (4) es frívolo y surge claramente la falta de una controversia sustancial; (5) es académico.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Coumpounding et al v. Dpto. de Salud,* 186 DPR 159-176 (2012); *Pueblo v. Rivera Toro,* 173 DPR 137, 144 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando

se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE,* 145 DPR 122, 130 (1998).

Asimismo, en *Febles v. Romar,* 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III.**

En el caso ante *nos,* el recurso de *certiorari* presentado por la parte peticionaria no es revisable. La parte peticionaria incumplió sustancialmente con los requisitos reglamentarios para su perfeccionamiento, necesarios para que podamos asumir jurisdicción y atenderlo. Es decir, la parte peticionaria incumplió con el Reglamento del Tribunal de Apelaciones, al no incluir ni discutir los errores que imputa al TPI. Tal omisión, imposibilita que podamos aquilatar de forma adecuada la determinación de ese foro.

Además, la parte peticionaria omitió hacer referencia a la ley y la jurisprudencia aplicable en la que está fundamentada su solicitud de *certiorari.* Tampoco incluyó una discusión basada en fundamentos de hecho y derecho cuestionando la decisión del foro *a quo.* Por último, no se incluyeron en el apéndice la *Moción sobre Solicitud de Enmienda a Sentencia,* la *Orden* que emitió el TPI el 27 de febrero de 2024, de la cual desconocemos la fecha de su notificación y la solicitud para litigar en *forma pauperis.* A esos efectos, tampoco conocemos la fecha exacta en que el peticionario presentó el recurso ante *nos,* porque no surge con claridad del matasellos del sobre en el cual se presentó. Por tal razón, estamos imposibilitados de atender su reclamación.

Como indicamos, la ausencia de señalamientos de error y de una discusión basada en fundamentos de hecho y de derecho, junto a la falta de documentos, nos privan de jurisdicción para atender el recurso.

**IV.**

Por los fundamentos antes expuesto, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones